IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2008 Session

**IN RE: THE ADOPTION OF A.E., E.E., and E.E.**

**Direct Appeal from the Chancery Court for Madison County**
**No. 56951/63549    Ron E. Harmon, Chancellor**

**No. W2008-00120-COA-R3-CV  - Filed October 28, 2008**

This case involves a parental termination proceeding where Father originally consented to termination of his parental rights, but now appeals on the ground that his surrender was procedurally deficient and made under duress. Father also alleges that the trial court erred when it failed to grant him leave to conduct discovery on opposing counsel and when the trial court failed to recuse itself. On appeal we find no error; the trial court properly granted Mother's petition to terminate parental rights, Father failed to present any proof that he was under duress when he consented to the motion to terminate or that he was entitled to depose opposing counsel, and the trial court did not abuse its discretion in denying appellant's motion for recusal. We, therefore, affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

David Milton Sandy and Bede O. M. Anyanwu, Memphis, Tennessee, for the appellant.

Michael A. Carter, Milan, Tennessee, for the appellee.

**OPINION**

The parties in this case are both physicians who divorced several years ago and had three children during the marriage. The children's mother, V.T ("Mother") has since married S. T. (collectively "the T.s"). Mother filed a Petition for Termination of Parental Rights on July 5, 2005. Together, the T.s filed an Amended Petition for Termination of Parental Rights and Petition for Adoption By a Step Parent on September 7, 2005. Both Petitions allege that Respondent I. E.'s ("Father") parental rights should be terminated pursuant to Tennessee Code Annotated § 36-1-113(g) for abandoning the three minor children.

After Father agreed to the petition at a hearing, the trial court terminated Father's rights. Less than thirty days later, Father filed a "Petition to Vacate or Void Surrender." Father also filed a Motion for Summary Adjudication, Motion for Recusal, an Amended Motion for Recusal, and, subsequently, an "Amended Petition to Vacate or Void Surrender." The trial court entered an order on January 29, 2008 denying the "Amended Petition to Vacate or Void Surrender" and the Amended Motion for Recusal, and it dismissed all other pending motions.

On appeal, Father alleges ten errors; from his argument, however, we perceive the following to be the four issues before this Court:

(1)     Father's surrender of his parental rights was procedurally deficient and the trial court should have vacated the surrender because no home study was conducted, the surrender occurred in open court, the trial court failed to inform Father than he had ten days to revoke the surrender, and the trial court failed to ask father if he received anything for value of the surrender.

(2)     Father surrendered his rights under duress because he faced jail time for failing to pay child support at the time of the surrender.

(3)     The trial court abused its discretion by dismissing Father's "Motion for Leave to Conduct Discovery on Opposing Counsel"

(4)     The trial court abused its discretion by failing to recuse itself after it granted Father's parental termination and allowed Mother to withdraw her contempt petition because the court approved an illegal bargain and, therefore, had an interest in vacating the surrender.

Mother also presents an issue on appeal; she argues that Father's appeal is frivolous and that the trial court erroneously denied Mother's Rule 11 Motion for Sanctions.

### *Procedural Deficiencies*

In his Statement of the Issues, Father alleges that the trial court failed to follow proper procedures when terminating Father's rights but claims that the trial court's error was in failing to grant his "Motion for Summary Adjudication . . . on the issue of vacating or voiding the surrender." In the remainder of the brief, however, Father argues that the trial court erred by failing to grant his "Petition to Vacate or Void Surrender" despite these various procedural deficiencies. We perceive that Father seeks relief on appeal pursuant to his "Amended Petition to Vacate or Void Surrender" and address Father's issues as argued. Because Father's rights were terminated pursuant to Tennessee

Code Annotated § 36-1-113, not Tennessee Code Annotated § 36-1-111,[1] we do not find that the trial court erred in granting the Final Judgement of Termination of Parental Rights and Adoption" and in denying Father's "Amended Petition to Vacate or Void Surrender."

In his supporting memoranda, Father asserts that his "Petition to Vacate or Void" and his "Amended Petition to Vacate or Void" request relief from final judgment pursuant to Tennessee Rule of Civil Procedure 60.02. We, however, perceive Father's Petition to Vacate or Void to be a Rule 59 Motion to Alter or Amend.[2] Pursuant to Rule 4(b) of the Rules of Appellate Procedure, therefore, Father may appeal not only his Petition to Vacate or Void but also the court's "Final Judgment of Termination of Parental Rights and Adoption." Because the essence of Father's argument on appeal focuses on the court's error in granting the final judgment, we perceive that Father appeals the "Final Judgment of Termination of Parental Rights and Adoption" rather than the "Amended Petition to Vacate or Void Surrender."

On appeal we review a non-jury case, such as this termination of parental rights, *de novo* upon a presumption of correctness as to the trial court's factual findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re J.C.D., J.D.D., J.A.M., E.O.M., T.D.M., & Q.O.M.*, 254 S.W.3d 432, 438 (Tenn. Ct. App. 2007). If the trial court's factual determinations are based on its assessment of witness credibility, this Court will not reevaluate that assessment absent clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). After this Court reviews the trial court's findings and presumes their correctness absent evidence to the contrary, it reviews whether those facts clearly and convincingly establish grounds for terminating a parent's parental rights. *In re J.C.D.,* 254 S.W.3d at 439.

Although both parties treat this appeal as a surrender of parental rights pursuant to Tennessee Code Annotated § 36-1-111, we perceive the trial court's order as granting Mother's petition to terminate Father's parental rights pursuant to Tennessee Code Annotated § 36-1-113(g). In the Petition to Terminate Parental Rights Mother alleged that Father's rights should be terminated on grounds on abandonment pursuant to Tennessee Code Annotated § 36-1-113(g). The Court set a hearing on the Amended Petition for Termination of Parental Rights and for Adoption by a Step Parent for April 19, 2007. When the parties came in to court that day Father's attorney notified the court that Father wished to agree to the petition and allow the adoption to proceed. Father testified to the following:

---

[1] Tennessee Code Annotated §36-1-113, entitled "Termination of parental rights" provides chancery and circuit courts with the jurisdiction to terminate a parent's parental rights. Tennessee Code Annotated § 36-1-111, on the other hand, is titled as follows: "Pre-surrender request for home study or preliminary home study — Surrender of child — Consent for adoption by parent — Effect of Surrender — Form of surrender — Waiver of interest — Interpreter for non-English speaking parents." Section 36-1-111 sets out the procedure by which a parent can surrender his or her parental rights.

[2] This Court will look beyond the caption of a motion to its substance when categorizing Rule 59 and Rule 60 motions. *See Daugherty v. Lumberman's Underwriting Alliance*, 798 S.W.2d 754, 757–58 (Tenn. 1990).

Q.  [I. E.], you have reviewed the petition - - the Amended Petition for Termination of Parental Rights and Adoption.  Is that right?

A.  That's true.

Q.  And you've informed me that you wish to allow the termination of your parental rights and have [V.T.] and her husband to adopt the children?

A.  That's correct.

At that time, Father also stated:

Q.  And it is your intention to freely and voluntarily surrender the rights to these children and allow them to be adopted by [V.T.] and her husband, [S.T.]?

A.  That's correct.

THE COURT: The answer is, "That's correct"?

THE WITNESS: Yes, sir.

Q.  Is this something that you think is in everybody's best interest, including you, your children, your new wife, and your children with her?

A.  That's correct.

On April 25, 2007, the trial court entered an order titled "Final Judgment of Termination of Parental Rights and Adoption."  The trial court stated:

This matter having been before the Court on April 18, 2007, upon the Amended Petition for Termination of Parental Rights and Adoption by a Stepparent, and the Court having considered such Petition, the testimony of Petitioners [S.T.] and [V.T.], the testimony of Respondent [I.E], and record as a whole, it is, by consent of the parties, as evidenced by the transcript of proceedings attached hereto as Exhibit 1, hereby ORDERED, ADJUDGED and DECREED:

. . . .

13.  The termination of parental rights and adoption as set forth is in the best interest of the children.

. . . .

15. The parental rights of Respondent [I.E.] are hereby terminated[.]

We find, therefore, that the trial court terminated Father's parental rights pursuant to Tennessee Code Annotated § 36-1-113, not that Father surrendered them pursuant to § 36-1-111.

Because he proceeds under the presumption that he surrendered his parental rights, Father argues that he was entitled to various procedures including a home study, that the proceedings occur in chambers, that he be notified that he had ten days to revoke the surrender, and that the court specifically ask if he received anything for value of the surrender. Father cites to no authority, and we find none, that Father is entitled to these same privileges on a petition to terminate parental rights filed pursuant to Tennessee Code Annotated § 36-1-113.

Although we perceive this as a judgment on a petition to terminate parental rights we, nevertheless, inquire whether the trial court properly granted the petition. This Court has found that where the nonmoving party consents to a petition to terminate his parental rights it is unnecessary for the trial court to even make findings of fact and conclusions of law as to whether that party's parental rights should be terminated pursuant to Tennessee Code Annotated § 36-1-113(c).[3] *Rainey v. Head*, No. W2000-00504-COA-R3-CV, 2001 WL 277984, at *2–3 (Tenn. Ct. App. 2001). Upon reviewing the record, it is clear that Father testified at the April 19, 2007 hearing on the "Amended Petition for Termination of Parental Rights and for Adoption by a Step Parent" that he consented to the termination of his parental rights, and on appeal Father does not dispute that he agreed to terminate his parental rights before the court that day. We find, therefore, that the trial court properly granted the T.s' "Petition for Termination of Parental Rights and Adoption."

### *Duress*

On, appeal Father argues that he only agreed to terminate his parental rights because he was under duress. Father consented to terminate the rights to his three children on April 1, 2007. Both parties agree that there was a contempt motion pending alleging Father failed to pay $57,000 in arrears for child support that was also scheduled to be heard on April 18, 2007, and after Father agreed to the termination Mother agreed to dismiss all other matters, including the contempt petition. Father claims that the court and the T.s conspired in compelling him to terminate his parental rights because he potentially faced jail-time on the contempt charges.

---

[3]We are aware that the middle section of this Court has held otherwise in *C.J.H. v. A.K.G.*, No. M2001-01234-COA-R3-JV, 2002 WL 1827660 (Tenn. Ct. App. 2002). We think that case is distinguishable from the facts here, however, because in that case the trial court found that the parents agreed to a consent order terminating the father's parental rights so that father could avoid paying child support, which was not in the child's best interest. *C.J.H. v. A.K.G.*, No. M2001-01234-COA-R3-JV, 2002 WL 1827660, at *3–7 (Tenn. Ct. App. 2002). The Court in that case held that this was in violation of Tennessee's public policy that parents should not be able to circumvent their child support obligations. *Id*. at *4. The Court additionally rationalized that voluntary termination was permissible only in the context of an adoption. *Id*. at *7. In the present case, there was a pending adoption, there is no evidence that Mother was merely bargaining away the children's right to support merely to the detriment of the children, and the trial court expressly found that termination was in the best interest of the three children.

Despite his arguments to the court, Father fails to prove that he terminated his parental rights while under duress. Where a party claims that he was under duress when he consents to terminate his parental rights, that party has the burden of proving duress by clear and convincing evidence. *Rainey v. Head*, No. W2000-00504-COA-R3-CV, 2001 WL 277984, at \*3 (Tenn. Ct. App. 2001). Father, however, never testified under oath to any of his allegations, and Father never called any witnesses or presented any affidavits in support of his "Petition to Vacate or Void Surrender." Father had the opportunity to present evidence in support of his petition at the December 14, 2007, hearing on his "Amended Petition to Vacate or Void the Surrender." It is Father's burden to prove duress by clear and convincing evidence. He has not met this burden and we, therefore, affirm the trial court's decision to deny Father's "Amended Petition to Vacate or Void the Surrender."

### *Discovery*

Father also argues that the trial court should have granted his "Motion for Leave to Conduct Discovery on Opposing Counsel." Father's motion, as we perceive it, is a Tennessee Rule of Civil Procedure Rule 37 Motion to Compel Discovery. In his motion, Father seeks to depose Mother's attorney to introduce a conversation between Mother, her attorney, Father, and Father's previous attorney that Father claims shows duress.

We review a trial court's decision to limit discovery for an abuse of discretion. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 212 (Tenn. Ct. App. 2002). When a party seeks to compel discovery, he has the burden of establishing that it is entitled to the requested material. *Id.* at 220. Father, therefore, has the burden of proving 1) that the material being sought is relevant to the subject matter involved in the pending action, 2) that the material being sought is not otherwise privileged, and 3) that the material being sought consists of documents or other tangible things. *Id.* at 220. In support of his motion, Father offers no proof that he is entitled to depose Mother's attorney, and we find no merit to Father's argument that the trial court abused its discretion when it denied Father's motion to conduct discovery.

### *Recusal*

Father's final argument is that the trial court erred by failing to recuse itself where Father alleged that the Chancellor approved a violation of a state criminal statute and, therefore, could not be impartial or disinterested. Father argues that the parties exchanged Father's agreement to terminate his parental rights with Mother's agreement to withdraw the contempt petition that was pending before the trial court against Father. Father alleges that this is a class C felony pursuant to Tennessee Code Annotated § 36-1-109(a)(2) because the parties were exchanging the surrender for something of value. Because the trial court dismissed the pending contempt motion, Father argues that the Chancellor acted with knowledge of an illegal bargain and, thus, had an interest in denying Father's Petition to Vacate or Void Surrender.

A trial court's decision whether recusal is warranted is discretionary unless mandated by the Tennessee Constitution or by statute. *Eldridge v. Eldridge*, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002).

Generally " adverse rulings by a trial court are not usually sufficient grounds to establish bias. Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* (quoting *Alley v. State*, 882 S.W.2d 810, 821–22 (Tenn. Crim. App. 1994). Upon reviewing the entire record  we find no error in the trial court's decision to deny Father's Motion for Recusal.

### *Sanctions*

Mother submits that Father's pleadings and arguments to the trial court regarding Father's Petition to Vacate or Void Surrender are frivolous and that the trial court abused its discretion because it denied Mother's July 9, 2007 Motion for Sanctions.  Mother requests sanctions pursuant to Tennessee Rule of Civil Procedure 11.02.  This Court, however, strongly defers to trial courts' decisions whether to award sanctions and will not reverse absent an abuse of discretion.  *Krug v. Krug*, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992).  Finding upon review of the record that the trial court did not abuse its discretion, we affirm the trial court's order denying Mother's Motion for Sanctions.

### *Conclusion*

For the foregoing reasons, we affirm the judgment of the trial court on all issues.  Costs of this appeal are taxed to the Appellant, [I. E.], and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE